■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH KEINDL, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Queens County (Di Tucci, J.), rendered May 10, 1984, convicting him of sodomy in the first degree (eight counts), sexual abuse in the first degree (10 counts), sexual abuse in the second degree (five counts), and endangering the welfare of a child (three counts), upon a jury verdict, and imposing sentence.

Judgment affirmed.

Contrary to defendant's contention that the requirements of Penal Law § 130.16 were not met, we note that "independent corroborative evidence need not prove defendant's guilt to a moral certainty, but need simply harmonize with the victim's testimony in such a manner as to furnish the necessary connection between the defendant and the crime" *(People v De Vyver,* 89 AD2d 745, 747). Those requirements were met at

bar. Defendant failed to preserve his claim of repugnancy for our review *(see, People v Stahl,* 53 NY2d 1048, 1050). In any event, "viewed in light of the elements of each crime as charged to the jury", the verdicts of guilty of sexual abuse in the first and second degrees and not guilty of certain counts of sodomy in the first and second degrees were not repugnant *(People v Tucker,* 55 NY2d 1, 4). Further, defendant's sentence on the sodomy counts of concurrent terms of imprisonment of 8⅓ to 25 years (and lesser concurrent terms on the other counts) was neither an abuse of discretion nor a sentence which we choose to modify in our interest of justice jurisdiction *(People v Suitte,* 90 AD2d 80) in light of the nature of defendant's crimes, their frequency and the sheer number of times they occurred over a period of years *(see, People v Anderson,* 99 AD2d 560; *People v Corbett,* 68 AD2d 772, *affd* 52 NY2d 714). We have reviewed defendant's other contentions and find them to be without merit. Lazer, J. P., Mangano, Brown and Kooper, JJ., concur.