■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TYRONE EMMONS, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Zelman, J.), rendered October 2, 1984, convicting him of attempted rape in the first degree, sexual abuse in the first degree, and endangering the welfare of a child, after a nonjury trial, and imposing sentence.

Ordered that the judgment is reversed, on the law, the indictment is dismissed, and the matter is remitted to the Supreme Court, Queens County, for the purpose of entering an order in its discretion pursuant to CPL 160.50.

The key witness for the prosecution was an eight-year-old girl. She claimed that the defendant, her mother's boyfriend, sexually abused her on Saturday, October 29, 1983, at approximately 1 o'clock in the afternoon, in her mother's bedroom, while her mother had gone shopping and her infant brothers were asleep in an adjacent bedroom. Two days later, her mother observed dried blood in the child's underwear. Medical examinations revealed a laceration in the vagina; however, her hymen was intact. The defendant testified that he was never alone with the infant complainant; her mother vehemently denied that she had left the children with the defendant that day. Indeed, she testified that, at the time that the acts were purportedly committed by the defendant, she was viewing television in her own bedroom.

Under Penal Law § 130.16 (as amended by L 1984, ch 89, § 1), extant at the time that the defendant was indicted, the People were required to present, with respect to the charges of attempted rape in the first degree and sexual abuse in the first degree, " 'independent corroborative evidence [which] harmonize[d] with the victim's testimony in such a manner as to furnish the necessary connection between the defendant and the crime' " (see, People v Keindl, 117 AD2d 679, mod on other grounds 68 NY2d 410, rearg denied 69 NY2d 823, quoting from People v De Vyver, 89 AD2d 745, 747). Upon an examination of the record in this case, we find that those requirements were not met and that a legally sufficient case was not presented to the trial court. Since the remaining count of endangering the welfare of a child (Penal Law § 260.11) was based on the same underlying acts, the same requirements applied to that charge. Therefore, the indictment must be dismissed in its entirety.

In view of the foregoing disposition, we need not address the defendant's remaining contentions. Thompson, J. P., Lawrence, Rubin and Spatt, JJ., concur.