■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES JOHNSON, Appellant.—Appeal by the defendant from a judgment of the County Court, Suffolk County (Mazzei, J.), rendered December 1, 1983, convicting him of attempted rape in the first degree and attempted rape in the second degree, after a nonjury trial, and imposing sentence.

Ordered that the judgment is affirmed.

The proof adduced at trial established beyond a reasonable doubt that on May 4, 1982, at approximately 7:30 A.M., the defendant, who was well known to the 11-year-old victim, went into the victim's bedroom, hit her with a belt and attempted to rape her. The defendant wiped his penis on the victim's jeans. The victim's testimony describing this incident was independently corroborated *(see,* Penal Law § 130.16, as amended by L 1984, ch 89, § 1) by her mother's testimony that the defendant was the only adult in the house the morning of the incident, as well as by the testimony of her two brothers who saw the defendant go into the victim's bedroom that morning with a belt and heard her crying from behind closed doors. Furthermore, the deputy director of the Suffolk County crime laboratory testified that he analyzed the stains found on the child's jeans and panties as well as samples of the defendant's blood and saliva. The tests revealed that the same enzymes were present in the stains and the defendant's blood and saliva. The expert offered the opinion that the enzymes found in the panties stain matched only 3.8% of the population, while those found in the jeans stain matched only 8.6% of the population.

Viewing the evidence in a light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find the corroborating evidence was legally sufficient to provide the necessary link between the defendant and the crime *(see, People v Keindl,* 117 AD2d 679). Moreover, upon exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence (CPL 470.15 [5]). The

defendant's testimony was fraught with inconsistencies and clearly contradicted by that of the victim and her mother.

We have considered the defendant's remaining claim and find it to be meritless. Mangano, J. P., Bracken, Kunzeman and Spatt, JJ., concur.