■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VALERY NOVAK, Appellant. [622 NYS2d 783] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Quinones, J.), rendered May 15, 1992, convicting him of sodomy in the third degree, sexual abuse in the third degree (two counts), and endangering the welfare of an incompetent person, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed, and the matter is remitted to the Supreme Court, Kings County, for further proceedings pursuant to CPL 460.50 (5).

The defendant's convictions arise out of a February 1991 incident in which he engaged in sexual acts with the complainant, a mentally-retarded female, then 19 years old. The defendant was convicted primarily on the basis of the complainant's testimony. Viewing the evidence in the light most favorable to the prosecution (see, People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Contrary to the defendant's contention, there was legally sufficient evidence from which the jury could have concluded that the complainant was "mentally defective" within the meaning of Penal Law § 130.00 (5), and therefore that she could not consent to the subject sexual acts (see, People v Easley, 42 NY2d 50, 54; People v Cratsley, 206 AD2d 691).

Moreover, evidence of the presence of sperm on the clothing worn by the complainant on the day of the incident, testimony

by the complainant's supervisor that she noticed nothing unusual about the complainant's appearance when she got in a van to go home on the day of the incident, unsworn testimony by another passenger that she saw the complainant and the defendant alone in the van, testimony by the complainant's mother describing the complainant's physical appearance when she arrived home, and the complainant's immediate outcry after the occurrence "tend[ed] to: (a) Establish that an attempt was made to engage the victim in * * * deviate sexual intercourse, or sexual contact * * * at the time of the occurrence; and (b) Connect the defendant with the commission of the offense or attempted offense" (Penal Law § 130.16; see, People v Coleman, 42 NY2d 500, 506; People v Groff, 71 NY2d 101, 108; People v Fuller, 50 NY2d 628, 635; People v Curtis, 76 Misc 2d 128). Thus, the complainant's testimony was sufficiently corroborated. Such "independent corroborative evidence need not prove defendant's guilt to a moral certainty, but need simply harmonize with the victim's testimony in such a manner as to furnish the necessary connection between the defendant and the crime" (People v Keindl, 117 AD2d 679; see, People v De Vyver, 89 AD2d 745, 747).

Upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (see, CPL 470.15 [2]).

We have reviewed the defendant's remaining contentions and find them to be without merit. Mangano, P. J., Bracken, Altman and Goldstein, JJ., concur.