THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANGEL BACULIMA, Appellant. [643 NYS2d 416]

A person cannot be convicted of a crime solely on the testimony of an unsworn witness (*see,* CPL 60.20). The unsworn testimony must be corroborated by proof of circumstances tending to prove the material facts of the crime and tending to connect the defendant to that crime (*see, People v Groff,* 71 NY2d 101, 109). Here, the testimony of the unsworn complainant was corroborated by testimony that tended to prove the material facts of sodomy in the first degree and tended to prove that the defendant committed the sodomy (*see, People v Groff, supra).*

Viewing the evidence in the light most favorable to the People (*see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. The defendant's contention that the prosecution witnesses should not have been believed by the jury is without merit. Resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the jury, which saw and heard the witnesses (*see, People v Gaimari,* 176 NY 84, 94). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record (*see, People v Garafolo,* 44 AD2d 86, 88). Upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (CPL 470.15 [5]).

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Balletta, J. P., Miller, Sullivan and Copertino, JJ., concur.