■ In the Matter of DUANE D., a Person Alleged to be in Need of Supervision, Appellant. [662 NYS2d 582] —In a proceeding pursuant to Family Court Act article 7, the appeal is from an order of fact-finding and disposition of the Family Court, Rockland County (Stanger, J.), dated July 6, 1994, which, upon the Law Guardian's partial admissions, Adjudged the appellant to be a person in need of supervision and placed him in the custody of the Department of Social Services for a period of 18 months for the purpose of being placed with the Children's Home of Kingston.

■ In the Matter of DUANE D., a Person Alleged to be a Juvenile Delinquent, Appellant. [664 NYS2d 931] —In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the appeal is from an order of disposition of the Family Court, Rockland County (Garvey, J.), dated September 5, 1996, which, upon a fact-finding order of the same court, dated July 17, 1996, made after a hearing, finding that the appellant had committed an act which, if committed by an adult, would have constituted the crime of attempted sodomy in the first degree, adjudged him to be a juvenile delinquent and placed him with the Department of Social Services for a period of 18 months, effective August 2, 1996, for the purpose of being placed at Lake

Grove School, Wendell, Massachusetts Campus commencing August 5, 1996. The appeal brings up for review the fact-finding order dated July 17, 1996.

Ordered that the order of disposition is affirmed, without costs or disbursements.

Contrary to the appellant's contentions, the presentment agency presented independent corroborative evidence which harmonized with the victim's testimony in such a manner as to connect the appellant to the commission of the attempted offense (*cf., People v Novak,* 212 AD2d 740; *People v Johnson,* 156 AD2d 383; *People v Emmons,* 135 AD2d 557; *People v Keindl,* 117 AD2d 679, *mod on other grounds* 68 NY2d 410; *People v De Vyver,* 89 AD2d 745, 747).

The appellant's remaining contentions are without merit. Copertino, J. P., Thompson, Friedmann and Florio, JJ., concur.