**Valery NOVACK, Petitioner,**

v.

**Henry GARVIN, Superintendent, Respondent.**

No. CV 97–2156 (CPS).

United States District Court, E.D. New York.

April 20, 1998.

 

---

3.   Citations to the trial transcript will be designat-   ed as "Tr. at ___."

MEMORANDUM AND ORDER

SIFTON, Chief Judge.

Valery Novack brings this habeas corpus petition seeking to vacate his state conviction. Respondent moves to dismiss the petition on the ground that it is procedurally barred. For the reasons set forth below, the petition for a writ of habeas corpus is dismissed because of petitioner's failure to exhaust his state court remedies.

## BACKGROUND

In 1991, Valery Novack was accused of having sodomized and sexually abused a mentally incompetent, nineteen-year-old girl. During a jury trial in the Supreme Court of New York in Kings County, a vaginal slide and swatches of the girl's clothing which tested positive for the presence of sperm were admitted into evidence at trial. On May 15, 1992, Novack was convicted on one count of Sodomy in the Third Degree, in violation of section 130.40[1] of New York Penal Law, two counts of Sexual Abuse in the Second Degree, in violation of New York Penal Law § 130.60[1], and one count of Endangering the Welfare of an Incompetent Person, in violation of New York Penal Law § 260.25. Novack was sentenced to a term of incarceration of one and one-third to four years on the sodomy count and concurrent terms of one year on each of the sexual abuse counts and on the count of endangering an incompetent. Novack has been incarcerated since May 5, 1995.

Novack appealed his conviction to the Second Department of the Appellate Division of the Supreme Court of the State of New York. On appeal, petitioner raised five claims: (1) that his guilt was not proven by legally sufficient evidence; (2) that the verdict was against the weight of the evidence; (3) that Novack was erroneously prevented from cross-examining the victim; (4) that Novack was denied the effective assistance of trial counsel; and (5) that the sentence was harsh and excessive. On February 21, 1995, the appellate division affirmed Novack's conviction, denying the five claims on the merits. *See People v. Novak,* 212 A.D.2d 740, 622 N.Y.S.2d 783, 784 (2d Dept.1995). On April 17, 1995, the New York Court of Appeals denied Novack leave to appeal the appellate division's decision.

On July 25, 1995, petitioner moved pro se in the New York State Supreme Court for an order pursuant to N.Y.C.P.L. § 440.10 vacating his conviction. In that motion, petitioner

claimed: (1) that a second indictment violated his double jeopardy rights; (2) that his right to a speedy trial had been denied; (3) that he had been denied the right to testify before the grand jury; and (4) that he had been denied effective assistance of counsel at trial. The Supreme Court of New York denied the motion on December 7, 1995, both procedurally and on the merits. Leave to appeal the denial of the § 440.10 motion was denied by the New York Court of Appeals on April 22, 1996.

Novack then petitioned the appellate division for a writ of error coram nobis on the ground that he was denied effective assistance of appellate counsel. Petitioner contended that his appellate counsel failed to challenge the conviction on direct appeal with forensic evidence obtained after trial, and which, contrary to the state's laboratory results at trial, tested negative for semen. By order dated January 8, 1996, the appellate division denied the writ, holding that petitioner failed to establish ineffective assistance of appellate counsel. *See People v. Novack*, 223 A.D.2d 564, 636 N.Y.S.2d 1015 (2d Dept. 1996).

On July 31, 1996, petitioner, proceeding *pro se*, filed a habeas petition in this Court. On December 3, 1996, his motion to withdraw the petition without prejudice was granted.

Represented by new counsel, petitioner now brings the present habeas corpus petition. Novack claims that he was denied due process because he was deprived of an opportunity to have an independent laboratory examine forensic evidence used by the prosecution at his trial and because after trial, but before petitioner had exhausted his appeal, other evidence used by the prosecution at trial was destroyed. Petitioner also claims that he was denied effective assistance of counsel because trial counsel improperly failed to request an adverse inference charge at trial as a result of the lack of sufficient testable evidence.

On May 29, 1997, petitioner filed a second § 440.10 motion seeking to vacate the judgment on the same grounds as those raised in the instant petition. That motion is still pending in state court.

Respondent now seeks to have the petition dismissed on the ground that it is procedurally barred. Although petitioner concedes that this petition is premature, he requests that the petition be held in abeyance pending decision in state court, or that it be dismissed without prejudice.

## DISCUSSION

A federal court has jurisdiction to hear a case under 28 U.S.C. § 2254 when a person in custody pursuant to a state court conviction applies for a writ of habeas corpus on the ground that he is in custody in violation of the Constitution, laws, or treaties of the United States.

■■■ A petitioner seeking to challenge his state conviction in federal court must overcome several hurdles. The petitioner must first exhaust all his available state remedies before seeking relief in federal court. To satisfy the exhaustion requirement, the petitioner must have "fairly presented" his federal claim to the highest state court from which a decision can be had. *See Picard v. Connor*, 404 U.S. 270, 275–76, 92 S.Ct. 509, 30 L.Ed.2d 438 (1971); *Daye v. Attorney General*, 696 F.2d 186, 190 n. 3 (2d Cir.1982) (en banc). A petitioner may exhaust a claim either on direct appeal or, in some cases, by collateral attack such as by a § 440 motion to set aside the underlying judgment. *See Fox v. Hoke*, No. 87–2540, 1989 WL 54135, at *2 (S.D.N.Y. May 15, 1989). Accordingly, a petitioner seeking federal habeas relief must have set forth in the appropriate state court all the essential factual allegations and substantially the same legal doctrines asserted in the federal petition, and failure to do so requires dismissal of the federal petition. *See United States ex rel. Figueroa v. McMann*, 411 F.2d 915, 916 (2d Cir.1969) (per curiam).

■■■ A § 2254 petition may also be procedurally barred. Where a petitioner has failed to present his or her federal claims to the state courts in accordance with state procedural requirements and no longer has recourse to state review, he will have satisfied the exhaustion requirement of 28 U.S.C. §. 2254(b), but he will be usually procedurally

barred from raising those claims in federal court. *See Coleman v. Thompson,* 501 U.S. 722, 735, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991). A petition will also be procedurally barred where a claim has been presented to the state courts but the last state court considering the claims has clearly and expressly declined to address the merits because the petitioner failed to meet a state procedural requirement. *Harris v. Reed,* 489 U.S. 255, 261–62, 109 S.Ct. 1038, 103 L.Ed.2d 308 (1989). Where a procedural bar exists, the claim cannot be entertained in federal court absent a showing of cause for the procedural default and prejudice. *See Wainwright v. Sykes,* 433 U.S. 72, 76, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977).

■ Although both exhaustion and a procedural bar prevent a federal court from entertaining a habeas petition, the difference between the two hurdles is significant. Exhaustion simply means that the federal court cannot hear a petition at this time but that it may do so in the future. *See Pesina v. Johnson,* 913 F.2d 53, 54 (2d Cir.1990). A procedural bar, on the other hand, deprives a court of any opportunity to hear the claim unless petitioner can show cause and prejudice or, in the alternative, that failure to consider the claim in federal court will result in a "fundamental miscarriage of justice." *See Wainwright v. Sykes,* 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977); *Reid v. Senkowski,* 961 F.2d 374, 376 (2d Cir.1992).

Respondent argues, and petitioner concedes, that the due process claim raised in this petition has not been raised before New York State courts. Respondent contends that petitioner could have raised this claim

earlier and that therefore he is procedurally barred from raising it here.

However, petitioner contends that the 440.10 motion before state court raises a claim of newly discovered evidence based on the independent laboratory's results showing the absence of sperm and that this claim could not have been raised earlier because the laboratory results in petitioner's favor were just recently obtained. Although petitioner concedes that he could have raised the claim regarding destruction of evidence earlier, he points to the language of N.Y.C.P.L.R. § 440.10(3)(c), which permits, but does not require, a state court to dismiss a claim that could have been raised earlier, and which permits a court to entertain the claim "in the interest of justice and for good cause shown."[1]

■ Because petitioner presents a colorable argument that he could not have raised this claim earlier, this claim may not be procedurally barred. Additionally, the New York State Supreme Court has yet to deny the petition or dismiss it for procedural default. I conclude therefore that the petition must be dismissed without prejudice for failure to exhaust possible state court remedies but that it is not procedurally barred at this time. *See Caballero v. Keane,* 42 F.3d 738, 741 (2d Cir.1994) (where state courts have not had a "fair opportunity" to pass on claim, and where they have not clearly and explicitly dismissed it for procedural default, the claim is unexhausted, but not procedurally barred).[2]

■ Respondent also contends that Novack filed this petition in an attempt to evade the time limits of the Antiterrorism and Effective Death Penalty Act (the "AEDPA"),

---

1. N.Y.C.P.L.R. § 440.10(3) provides in pertinent part:

[T]he court may deny a motion to vacate a judgment when ... (c) Upon a previous motion made pursuant to this section, the defendant was in a position adequately to raise the ground or issue underlying the present motion but did not do so.... Although the court may deny the motion under any of the circumstances specified in this subdivision, in the interest of justice and for good cause shown it may in its discretion grant the motion if it is otherwise meritorious and vacate the judgment.

2. Petitioner exhausted his claim regarding ineffective assistance of counsel, which was considered and rejected by the Appellate Division in petitioner's writ of coram nobis. Counsel for petitioner states that this claim is no longer being pursued. In any event, whether or not this claim is being pursued is not relevant to the present issue, as the due process claim remains unexhausted. An entire petition must be dismissed as unexhausted if only one of the claims has not been brought before the state courts, even if the remaining claims have been considered there. *See Caballero v. Keane,* 42 F.3d 738, 740 (2d Cir.1994).

which generally sets a one year time limit to file a federal habeas petition after a conviction becomes final. 28 U.S.C. § 2244(d)(1). Respondent argues that the petition should be dismissed because, although the petition is not time-barred under the AEDPA, it has been filed prematurely in an attempt to circumvent the time limitations placed on such federal petitions, even though the claims presented in the petition have not been litigated in state courts. As petitioner correctly points out, however, the instant petition would not be rendered time-barred if petitioner waited to file it until after the pending 440.10 motion, because a collateral attack of a conviction in state court tolls the one year statute of limitations in which to bring a federal habeas corpus claim. *See* 28 U.S.C. § 2244(d)(2). Therefore, the filing of this petition, although premature, does not appear to be an attempt to "render meaningless the express legislative will of Congress." [3]

Accordingly, the petition is dismissed.

The docket clerk is directed to mail a copy of the within to all parties.

SO ORDERED.

---

3. Petitioner's request that this Court hold in abeyance, and not dismiss this petition, is denied. It is settled that "[w]hen a state prisoner presents a materially different claim and stronger evidentiary case before the federal court in a habeas corpus petition and a state forum is available to consider the additional factors and varied claim, the federal court should properly dismiss the petition before it." *See United States ex rel. Figueroa v. McMann,* 411 F.2d 915, 916 (2d Cir. 1969) (per curiam).