■ In the Matter of SAMUEL T., a Person Alleged to be a Juvenile Delinquent, Appellant. [697 NYS2d 142] —In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the appeal is from an order of disposition of the Family Court, Kings County (Ambrosio, J.), dated April 14, 1998, which, upon a fact-finding order of the same court, dated February 25, 1998, made after a hearing, finding that the appellant committed an

act which, if committed by an adult, would have constituted the crime of sexual abuse in the second degree, adjudged him to be a juvenile delinquent and placed him on probation for 18 months. The appeal brings up for review the fact-finding order dated February 25, 1998.

Ordered that the order of disposition is affirmed, without costs or disbursements.

Contrary to the appellant's contention, the presentment agency proffered independent evidence which corroborated the victim's unsworn testimony so as to furnish the necessary connection between the appellant and the crime-equivalent conduct (*see, People v Baculima,* 228 AD2d 447; *People v Novak,* 212 AD2d 740; *People v Johnson,* 156 AD2d 383), including the testimony of the victim's mother regarding his complaints following the abuse (*see generally, People v Mc-Daniel,* 81 NY2d 10, 16), the victim's prior consistent statements (*see, Matter of Elizabeth D.,* 139 AD2d 66, 69; *Matter of Tina H.,* 123 AD2d 864, 865), and the appellant's own version of the incident (*see, People v Morse,* 177 AD2d 1015, 1016).

Viewing the evidence in a light most favorable to the presenting agency, we find that it was legally sufficient to prove beyond a reasonable doubt that the appellant committed an act which, if committed by an adult, would have constituted the crime of sexual abuse in the second degree (*see, Matter of Jermaine B.,* 249 AD2d 468; *Matter of Christopher S.,* 241 AD2d 498; *cf., People v Contes,* 60 NY2d 620). Moreover, upon the exercise of our factual review power, we are satisfied that the findings of fact were not against the weight of the evidence (*see,* Family Ct Act § 342.2 [2]; *Matter of Titus S.,* 243 AD2d 636). Santucci, J. P., Thompson, Sullivan and Smith, JJ., concur.