■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HERMAN C. JORDAL, Also Known as CAL, Appellant. [742 NYS2d 760] —Appeal from a judgment of Oswego County Court (Hafner, Jr., J.), entered September 6, 2000, convicting defendant after a jury trial of, inter alia, sodomy in the third degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him after a jury trial of sodomy in the third degree (Penal Law § 130.40 [former (1)]), sexual abuse in the second degree (former § 130.60 [1]) and endangering the welfare of an incompetent person (§ 260.25). Contrary to the contention of defendant, County Court properly denied his motion seeking to suppress an audiotape of a telephone conversation that he had with the victim. The court properly considered the relevant circumstances surrounding the "pretext" telephone conversation and the expert testimony with respect to the victim's limitations and capabilities and determined that the victim was competent to give her consent to the police to record the telephone conversation and that her consent was knowing and voluntary (*see generally Curley v Board of Trustees of Vil. of Suffern,* 213 AD2d 583, *appeal dismissed* 87 NY2d 860). Also contrary to defendant's contention, the victim's testimony with respect to each count of the indictment was corroborated by the recorded telephone conversation. The corroboration requirement of Penal Law § 130.16 "is satisfied when the victim's testimony is supported by evidence tending to establish a crime was committed and that the defendant committed it" (*People v Groff,* 71 NY2d 101, 108; *see People v Novak,* 212 AD2d 740, 740-741, *lv denied* 85 NY2d 941).

We reject defendant's contention that the evidence is legally insufficient to support the conviction of endangering the welfare of an incompetent person. The evidence establishes that the victim, the daughter of defendant's live-in companion, is mentally retarded, resides in a group home for mentally retarded adults, and is unable to consent to sexual contact as a result of her mental retardation. The evidence that defendant subjected the victim to sexual contact without her consent is legally sufficient to establish that defendant "knowingly act[ed] in a manner likely to be injurious to the physical, mental or moral welfare of a person who is unable to care for * * * herself because of * * * mental disease or defect" (Penal Law § 260.25; *see generally Novak,* 212 AD2d at 740; *People v Patterson,* 165 AD2d 886, 886-887, *lv denied* 76 NY2d 989).

By failing to object to the jury charge, defendant failed to preserve for our review his contention that the court usurped the fact-finding function of the jury by referring to the audiotape as "the conversation between the defendant and the alleged victim" (*see* CPL 470.05 [2]; *People v McNear,* 265 AD2d 810, 811, *lv denied* 94 NY2d 864). In any event, that contention is without merit. Present—Pigott, Jr., P.J., Green, Wisner, Scudder and Kehoe, JJ.