■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PERRY McDOWELL, Appellant. [941 NYS2d 153]—

Judgment, Supreme Court, New York County (John Cataldo, J.), rendered April 27, 2006, as amended May 26, 2006, convicting defendant, after a jury trial, of rape in the second and third degrees and sexual abuse in the second degree, and sentencing him, as a second felony offender, to an aggregate term of 3¹/₂ to 7 years, unanimously affirmed.

Defendant's legal sufficiency arguments are unpreserved and we decline to review them in the interest of justice. As an alternative holding, we find that the verdict was supported by legally sufficient evidence. We further find that the verdict was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348-349 [2007]). There is no basis for disturbing the jury's credibility determinations. Although the victim was mentally incapacitated, she was able to describe conduct by defendant constituting penetration (see Penal Law § 130.00 [1]). There was ample evidence satisfying the corroboration requirement set forth in Penal Law § 130.16 that applies where lack of consent results from incapacity (see e.g. People v Novak, 212 AD2d 740, 741 [1995], lv denied 85 NY2d 941 [1995]).

The court providently exercised its discretion in determining that the probative value of the challenged testimony by the victim's mother and teacher was not outweighed by the potential for prejudice or the arousal of sympathy. Their

testimony about the victim's mental and physical disabilities was highly relevant to assist the jury in evaluating the victim's testimony (*see People v Parks*, 41 NY2d 36, 47 [1976]). The court also properly permitted the mother to testify about family background matters that were relevant to complete the narrative of events and provide context for other testimony (*see e.g. People v Milhouse*, 246 AD2d 119, 122 [1998]). Concur—Mazzarelli, J.P., Saxe, Moskowitz, Manzanet-Daniels and Román, JJ.