■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v AMANDA CRANE, Appellant. [28 NYS3d 76]—

Appeal by the defendant from a judgment of the County Court, Orange County (Berry, J.), rendered August 20, 2013, convicting her of making a punishable false written statement (four counts) and offering a false instrument for filing in the first degree (three counts), upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress her statements to law enforcement officials.

Ordered that the judgment is affirmed.

In 2001, the defendant pleaded guilty to and was convicted of sexual misconduct, a class A misdemeanor. In 2010, the defendant submitted an employment application to the Department of Human Resources for Orange County. On the application, the defendant checked "no" when asked if she had "ever been convicted of any crime (felony or misdemeanor)," but checked the box "yes" when asked if she was "now under charges for any crime (felony or misdemeanor)." The box "no" for that second question had a check that was scribbled out. The defendant signed her name attesting to the truth of all the statements in the application.

In 2012, the defendant submitted three more applications to the Department of Human Resources for Orange County. On each application, the defendant checked "no" in response to both questions regarding her criminal history and signed her name attesting to the truth of the statements in the applications. Thereafter, the defendant was charged with four counts of making a punishable false written statement and four counts

of offering a false instrument for filing in the first degree, and was ultimately convicted of all charges except the charge of offering a false instrument for filing in the first degree regarding her 2010 application. The defendant appeals.

The hearing court did not err in denying that branch of the defendant's omnibus motion which was to suppress her statements to a detective. Any misrepresentation on the part of the detective did not deny the defendant due process or raise the danger that it would induce a false confession (*see People v Sanabria*, 52 AD3d 743, 745 [2008]). Additionally, the hearing court properly denied the defendant's request for certain *Rosario* material (*see People v Rosario*, 9 NY2d 286 [1961]) because that material was irrelevant to the instant indictment (*see* CPL 240.44 [1]; *People v Velez*, 161 AD2d 823, 824 [1990]).

The defendant's contention that the evidence was legally insufficient to support her convictions of offering a false instrument for filing in the first degree (Penal Law § 175.35) because the People failed to prove that the Department of Human Resources of Orange County was a political subdivision of the state is unpreserved for appellate review (*see* CPL 470.05 [2]). The defendant's postverdict motion pursuant to CPL 330.30 was insufficient to preserve this issue for appellate review (*see People v Padro*, 75 NY2d 820, 821 [1990]; *People v Brunson*, 121 AD3d 914, 915 [2014]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620, 621 [1983]), we find that it was legally sufficient to establish that the Department of Human Resources of Orange County was a political subdivision of the state. In addition, the defendant contends that the evidence was legally insufficient to support her convictions of offering a false instrument for filing in the first degree because the People failed to establish her intent to defraud a political subdivision of the state. However, viewing the evidence in the light most favorable to the prosecution (*see id.*), we find that it was legally sufficient to establish that she intended to defraud a political subdivision of the state. Moreover, upon our independent review pursuant to CPL 470.15 (5), we are satisfied that the verdict of guilt with respect to three counts of offering a false instrument for filing in the first degree was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

The defendant's remaining contentions are unpreserved for appellate review as they were only raised in her postverdict motion, and "[a] postverdict motion made pursuant to CPL 330.30 is not, by itself, ordinarily sufficient to preserve a 'question of law' within the meaning of CPL 470.05 (2)" (*People v*

*Padro*, 75 NY2d at 821; *see People v Brunson*, 121 AD3d at 915). In any event, the contentions are without merit. Leventhal, J.P., Dickerson, Duffy and LaSalle, JJ., concur.