People v Magliulo (2020 NY Slip Op 07397)





People v Magliulo


2020 NY Slip Op 07397


Decided on December 9, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 9, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
CHERYL E. CHAMBERS
ROBERT J. MILLER
VALERIE BRATHWAITE NELSON, JJ.


2019-11308
 (Ind. No. 347/18)

[*1]The People of the State of New York, respondent,
v
Raymond R. Magliulo, appellant.


Matthew W. Brissenden, Garden City, NY, for appellant.
Timothy D. Sini, District Attorney, Riverhead, NY (Karla Lato of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Suffolk County (Timothy J. Mazzei, J.), rendered September 30, 2019, convicting him of endangering the welfare of an incompetent or physically disabled person in the first degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
At the trial, the People submitted the testimony of the complainant's father, who testified that tests administered by school psychologists and neuropsychologists showed that the complainant's IQ was between 40 and 50. This placed the complainant in the category of "moderate retardation." A school psychologist testified that the complainant also had global apraxia, a neurological disorder that affects his motor skills. The school psychologist testified that the complainant had an IQ of 42, which means that 99.9 percent of the population has a higher IQ than him.
The complainant's father testified that the complainant had problems showering, brushing his teeth, and dressing himself. In addition, the complainant cannot prepare his own meals. The complainant was also treated for attention deficit hyperactivity disorder (ADHD).
The complainant's family lived two houses away from the defendant Raymond R. Magliulo. The complainant testified that he was coming home from a diner, saw the defendant on his front patio, and offered him a french fry. He went inside with the defendant and started watching pornography on the defendant's iPad. The complainant testified: "so I was jerking Ray off and he was jerking me off. And then we started having sex." He testified that he engaged in oral sex with the defendant. He also testified that the defendant attempted to engage in anal sex with him.
On the evening of September 6, 2016, the complainant's father observed the complainant in a panicked state, and he questioned him. As a result, he brought the complainant to the police station to report a crime. The complainant was 17 years old at this time.
The jury found the defendant guilty of endangering the welfare of an incompetent or [*2]physically disabled person in the first degree.
On August 30, 2019, the defendant moved to set aside the verdict pursuant to CPL 330.30. The defendant argued, for the first time, that the jury should have been instructed that corroborating evidence was necessary to convict a defendant pursuant to Penal Law § 260.25. In an order dated September 25, 2019, the County Court denied the defendant's motion, holding that the corroboration requirement in Penal Law § 260.11 does not apply to Penal Law § 260.25.
On September 30, 2019, the County Court sentenced the defendant to an indeterminate term of imprisonment of 1 to 3 years. The defendant appeals.
The defendant's contention that corroborative evidence was necessary to convict him pursuant to Penal Law § 260.25 is unpreserved for appellate review. Defense counsel failed to raise this issue until he made a post-verdict motion pursuant to CPL 330.30. Such a post-verdict motion is insufficient to preserve an argument for appellate review (see People v Padro, 75 NY2d 820, 821; People v Crane, 137 AD3d 932, 933).
In any event, we agree with the County Court that no corroborative evidence is required to convict a defendant of endangering the welfare of an incompetent or physically disabled person in the first degree pursuant to Penal Law § 260.25. The corroboration requirement in Penal Law § 260.11 applies specifically to endangering the welfare of a child (Penal Law § 260.10). There is no statutory corroboration requirement for Penal Law § 260.25. Thus, the court was not required to instruct the jury that corroboration was required to convict the defendant (see generally People v Linzy, 31 NY2d 99, 103; cf. People v Lo Verde, 7 NY2d 114, 116; People v Novak, 212 AD2d 740, 741).
The defendant's challenge to the legal sufficiency of the evidence is unpreserved for appellate review (see CPL 470.05[2]; People v Hawkins, 11 NY3d 484, 491-492). In any event, viewing the evidence in the light most favorable to the People (see People v Contes, 60 NY2d 620, 621), we find that it was legally sufficient to establish the defendant's guilt of endangering the welfare of an incompetent or physically disabled person in the first degree beyond a reasonable doubt (see Penal Law § 260.25; People v Jordal, 294 AD2d 953, 953). Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342, 348), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe their demeanor (see People v Mateo, 2 NY3d 383, 410; People v Bleakley, 69 NY2d 490, 495). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
The defendant's contention that the People improperly adduced testimony that the complainant was incapable of lying is unpreserved for appellate review (see People v Regan, 11 AD3d 640, 641), and, in any event, without merit.
The defendant's challenge to the comments made by the prosecutor during her summation is unpreserved for appellate review (see People v Banks, 74 AD3d 1214, 1215). In any event, although one of the comments may have been improper, this isolated comment did not deny the defendant his right to a fair trial (see People v Houston, 82 AD3d 1122, 1123; People v German, 45 AD3d 861, 862).
The defendant was not denied the effective assistance of counsel, as defense counsel provided meaningful representation (see People v Benevento, 91 NY2d 708, 712; People v Baldi, 54 NY2d 137, 147).
DILLON, J.P., CHAMBERS, MILLER and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court