◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ARMANDO SANDOVAL, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Douglass, J.), rendered May 26, 1987, convicting him of criminal sale of a controlled substance in the third degree, criminal possession of a controlled substance in the third degree, and criminal possession of a controlled substance in the seventh degree, upon a jury verdict, and imposing concurrent sentences of 4½ to 9 years' imprisonment on an unspecified count and one year's imprisonment on the conviction of criminal possession of a controlled substance in the third degree.

Ordered that the judgment is modified, on the law, by vacating the sentence imposed of 4½ to 9 years' imprisonment on an unspecified count; as so modified, the judgment is affirmed, and the matter is remitted to the Supreme Court, Kings County, for resentencing on the convictions of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree.

Viewing the evidence in the light most favorable to the prosecution (see, *People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish his guilt. The defendant also contends that the prosecution's main witness, the undercover

officer, should not have been believed by the jury. However, resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the jury, which saw and heard the witnesses *(see, People v Gaimari,* 176 NY 84, 94). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record *(see, People v Garafolo,* 44 AD2d 86, 88). Upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence (CPL 470.15 [5]).

The People concede, however, that the sentencing court did not properly impose sentence. Pursuant to CPL 380.20, the sentencing court was required to pronounce sentence on each count upon which the defendant was convicted. The sentencing court's failure to specify the count to which the sentence of an indeterminate term of 4½ to 9 years' imprisonment applied violated this provision *(see, People v Sturgis,* 69 NY2d 816). Thus, that portion of the sentence must be vacated, and the defendant resentenced on his convictions of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree.

We have considered the defendant's other contentions, and we find them to be unpreserved for appellate review or without merit. Thompson, J. P., Brown, Lawrence and Rubin, JJ., concur.