■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN LAZARCHECK, Appellant.—Judgment, Supreme Court, Bronx County (Lawrence J. Tonetti, J., at suppression hearing, jury trial and sentence) rendered November 27, 1989, convicting defendant of robbery in the second degree, grand larceny in the third degree and criminal impersonation in the first degree, and sentencing him as a second violent felony offender to concurrent terms of imprisonment of four to eight years, two and one-half to five years, and two to four years, respectively, unanimously affirmed.

Evidence adduced at trial was that defendant and his accomplice Michael Blackwell flagged down the victim while he

was driving his two month old Pontiac LeMans automobile on a Bronx street. Defendant and his accomplice indicated that they were policemen and ordered the man to produce his driver's license and car registration. When he explained that he had left those documents at his nearby apartment, he was ordered out of his car and frisked. Defendant and Blackwell then ordered the victim to sit in the back seat of the car. While Blackwell drove, defendant relieved the victim of his personal property and he was then ordered out of the car. Defendant and his accomplice drove off.

Viewing this evidence in the light most favorable to the People and giving them the benefit of every reasonable inference (People v Malizia, 62 NY2d 755, cert denied 469 US 932) the jury reasonably found defendant guilty of the enumerated charges. We note that in the totality of the circumstances, the jury reasonably concluded that the victim was forced to turn over his automobile and other personal property through conduct of defendant and his companion that constituted the threatened use of immediate force (see, e.g., People v Woods, 41 NY2d 279).

The hearing court properly denied defendant's motion to suppress evidence of the show-up identification, on the ground that there was no real possibility of misidentification, whether or not defendant was handcuffed at the time of the show-up. There was ample evidence of independent source identification, as the victim had sufficient opportunity to view defendant during the ten to fifteen minute period between the initial stop and the abandonment of the victim after a drive through the well-lighted Bronx streets, and the victim immediately identified defendant within ten minutes of the robbery (see, e.g., People v Malloy, 55 NY2d 296, cert denied 459 US 847).

The People's opening statement consisted of a reading of the charges in the indictment (which included substantial factual details), and advice to the jury that they would hear testimony from the victim and from police officers that on the date in question the victim's car was stopped by defendant and his co-defendant who while impersonating policemen, stole the victim's car and money. This opening satisfies the minimum requirement of setting forth the nature of the charges, briefly stating the facts to be proven, and the evidence to be introduced in support thereof (see, People v Kurtz, 51 NY2d 380, cert denied 451 US 911). Nor do we perceive an abuse of discretion by the sentencing court in the imposition of sen-

tence herein *(see, People v Junco,* 43 AD2d 266, *affd* 35 NY2d 419, *cert denied* 421 US 951).

Defendant's remaining claims of error are unpreserved for appellate review as a matter of law (CPL 470.05). Were we to review them in the interest of justice, we would find them to be without merit. Concur—Carro, J. P., Rosenberger, Ellerin, Smith and Rubin, JJ.