■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDWARD LOMBA, Appellant.—Judgment, Supreme Court, Bronx County (William T. Martin, J.), rendered March 8, 1988, convicting defendant, after a jury trial of robbery in the second degree, criminal impersonation in the first degree, and criminal possession of stolen property in the third degree, and sentencing him, as a persistent violent felony offender to an indeterminate term of 10 years to life imprisonment on the robbery conviction and two unspecified concurrent terms of imprisonment on the impersonation and possession convictions, unanimously modified, on the law, the unspecified sentences are vacated and the case remanded to Supreme Court for resentencing thereon, and as so modified, affirmed.

Defendant's motion to suppress physical evidence and identification testimony was properly denied. The stop of defendant for a traffic violation supported the initial detention *(People v Ingle,* 36 NY2d 413; *People v Robinson,* 74 NY2d 773). We note that the victim had described the perpetrators to officers other than those which had stopped the defendant's car for the vehicle traffic infraction. The unprompted identification of defendant by the victim as he drove by the stopped vehicle was not the product of suggestion or otherwise tainted *(see generally, People v Rogers,* 52 NY2d 527). The evidence was properly seized subsequent to the arrest *(People v Belton,* 55 NY2d 49).

Defendant's argument that the complainant was simply the victim of a ruse and that no forcible taking occurred is without merit. One of the victim's companions was subjected to significant physical contact, and the complainant was subjected to aggressive and sharp commands. Thus, the totality of the circumstances *(People v Lazarcheck,* 176 AD2d 691), viewed in the light most favorable to the prosecution *(People v Bleakley,* 69 NY2d 490), are sufficient to support the jury's determination that defendant's conduct constituted the threatened use of force. *(People v Lazarcheck, supra.)*

Defendant fails to show that the 10 years to life sentence is illegal or excessive, or based on a misunderstanding by the court regarding the lowest minimum term it could have imposed on its finding that defendant was a persistent violent felony offender. However, the court did err by not pronounc-

ing specific sentences on the two remaining charges. Accordingly, the case is remanded for imposition of sentence *(People v Sturgis,* 69 NY2d 816; *People v Sandoval,* 151 AD2d 620, *lv denied* 74 NY2d 852).

We have also considered defendant's remaining *pro se* claims, and find them unpreserved or to be without merit. Concur—Rosenberger, J. P., Wallach, Kassal and Rubin, JJ.