■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PETER GRAZIANO, Appellant. [667 NYS2d 260] —Application by the appellant for a writ of error coram nobis to vacate, on the ground of ineffective assistance of appellate counsel, a decision and order of this Court dated June 26, 1989 (*People v Graziano,* 151 AD2d 775), affirming a judgment of the Supreme Court, Kings County, rendered May 9, 1986.

Ordered that the application is denied.

The appellant has failed to establish that he was denied the effective assistance of appellate counsel (*see, Jones v Barnes,* 463 US 745). Mangano, P. J., Bracken, Rosenblatt and Thompson, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLES HARRIS, Appellant. [670 NYS2d 117] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Dabiri, J.), rendered June 22, 1995, convicting him of robbery in the first degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Jones, J.), of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

There is no merit to the defendant's contention that the police unlawfully stopped him. The police had reasonable suspicion to stop and detain the defendant for a few minutes so that the complainant could view him, because he matched the description given by the complainant of one of the three perpetrators and he and his two companions were found in close temporal and geographic proximity to the robbery (*see, People v De Bour,* 40 NY2d 210; *People v Bond,* 227 AD2d 412, *affd* 90 NY2d 877; *People v Ryan,* 224 AD2d 644).

The defendant's contention that the trial court goaded him into requesting a mistrial is not supported by the record. His second trial, therefore, was not barred by double jeopardy (*see, Oregon v Kennedy,* 456 US 667).

Finally, the defendant was not entitled to a missing witness charge as the testimony of the uncalled police witness would have been only cumulative, in light of the testimony of another police witness (*see, People v Antoneddy,* 226 AD2d 549; *People v Lee,* 217 AD2d 637). Miller, J. P., Sullivan, Santucci and Lerner, JJ., concur.