■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH MARTINEZ, Appellant. [777 NYS2d 488]—

Judgment, Supreme Court, New York County (Bonnie Wittner, J.), rendered March 7, 2003, convicting defendant, after a jury trial, of criminal possession of a weapon in the second and third degrees, and sentencing him to concurrent terms of 3½ and 3 years, respectively, unanimously affirmed. The matter is remitted to Supreme Court, New York County, for further proceedings pursuant to CPL 460.50 (5).

The verdict was based on legally sufficient evidence and was not against the weight of the evidence. There is no basis for disturbing the jury's determinations concerning credibility (*see People v Gaimari,* 176 NY 84, 94 [1903]). The credible evidence warranted the conclusion that defendant acted in concert in the possession of a weapon that was fired by another participant in the crime. Defendant, among other things, engaged in conduct that could reasonably be interpreted, when viewed in the context of the entire course of events, as a signal to commence firing (*see People v Allah,* 71 NY2d 830 [1988]).

The court provided a meaningful response to a note from the deliberating jury when, as specifically requested, it reread the definition of criminal possession of a weapon in the second degree. The court properly denied defendant's request to add a discussion of acting in concert, since the jury made no such request (*see People v Williams,* 297 AD2d 565 [2002], *lv denied* 99 NY2d 566 [2002]).

The court properly exercised its discretion in denying defendant's request for a mistrial based on the prosecutor's summation remark about not letting defendant "off the hook." Even if we were to find this phrasing to be inappropriate, we would find that this brief and isolated remark did not deprive defendant of a fair trial (*see People v D'Alessandro,* 184 AD2d 114, 118-119 [1992], *lv denied* 81 NY2d 884 [1993]). Defendant's other claims concerning the prosecutor's summation and the court's charge are unpreserved and we decline to review them in the interest of justice. Were we to review these claims, we would find no basis for reversal.

We decline to invoke our interest of justice jurisdiction to dismiss the noninclusory concurrent count (*see People v Spence,* 290 AD2d 223 [2002], *lv denied* 98 NY2d 641 [2002]; *People v Kulakov,* 278 AD2d 519 [2000], *lv denied* 96 NY2d 785 [2001]). Concur—Buckley, P.J., Tom, Mazzarelli, Sullivan and Ellerin, JJ.