■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DWAYNE CHRISTIE, Appellant. [864 NYS2d 424]—

Judgment, Supreme Court, Bronx County (Joseph J. Dawson, J.), rendered March 22, 2007, convicting defendant, after a jury trial, of attempted assault in the first degree and criminal possession of a weapon in the second degree, and sentencing him to concurrent terms of five years, unanimously affirmed. The mat-

ter is remitted to Supreme Court, Bronx County, for further proceedings pursuant to CPL 460.50 (5).

The verdict was based on legally sufficient evidence and was not against the weight of the evidence (*see People v Danielson*, 9 NY3d 342, 348-349 [2007]). There is no basis for disturbing the jury's determinations concerning credibility. Defendant's accessorial liability could be readily inferred from the complete chain of events (*see e.g. People v Marte*, 7 AD3d 405 [2004], *lv denied* 3 NY3d 677 [2004]). When viewed in the context of the surrounding circumstances, including motive, the only reasonable explanation for defendant's use of the words "Bust it" was that he was directing his companion to shoot the victim (*see People v Martinez*, 8 AD3d 8 [2004], *lv denied* 3 NY3d 677 [2004]).

Defendant argues that he was deprived of a fair trial by alleged prosecutorial misconduct occurring at numerous points in the proceedings. However, the only issues that he has arguably preserved are those that were the subject of his mistrial motions. In each instance, the court provided a suitable remedy that prevented the alleged misconduct from causing any prejudice, and it properly exercised its discretion in denying a mistrial (*see People v Santiago*, 52 NY2d 865 [1981]). By failing to object, by making generalized objections, by failing to request further relief after objections were sustained, or by raising issues for the first time in a CPL 330.30 motion to set aside the verdict, defendant failed to preserve any of his other prosecutorial misconduct claims, and we decline to review them in the interest of justice. As an alternative holding, we likewise conclude that the court's curative actions sufficed to prevent any prejudice.

We perceive no basis for reducing the sentence. Concur—Tom, J.P., Friedman, Buckley, Acosta and Freedman, JJ. [*See* 14 Misc 3d 1219(A), 2007 NY Slip Op 50091(U).]