■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TARIQ SHAHEED, Appellant. [896 NYS2d 374]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Lasak, J.), rendered December 5, 2007, convicting him of criminal possession of a weapon in the second degree, criminal possession of a weapon in the third degree, reckless endangerment in the first degree (two counts), resisting arrest, and criminal possession of a controlled substance in the seventh degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that, based upon the prosecutor's challenge under *Batson* (*see Batson v Kentucky*, 476 US 79 [1986]) and *Kern* (*see People v Kern*, 75 NY2d 638, 657-658 [1990], *cert denied* 498 US 824), the trial court improperly sat two jurors of Asian ancestry against whom he attempted to exercise peremptory challenges. This Court accords great weight to the trial court's ability to assess whether or not a proffered explanation is pretextual (*see People v Jupiter*, 210 AD2d 431, 434 [1994]; *People v Dixon*, 202 AD2d 12, 17 [1994]) and, where a trial court's conclusion is supported by the record, its conclusion will not be disturbed (*see People v Miller*, 266 AD2d 478, 479 [1999]). Here, the trial court properly rejected the defendant's explanation for his use of a peremptory strike against prospective juror No. 9 based upon his inconsistent use of the articulated criterion with respect to jurors of other races (*see People v Fergas*, 272 AD2d 340 [2000]; *People v Waldo*, 221 AD2d 390 [1995]; *People v Watson*, 216 AD2d 596 [1995]).

The court also properly exercised its discretion as to prospec-

tive juror No. 14. Defense counsel's proffered explanation—that use of the strike was based upon "gamesmanship" and a "strategic" decision to try to seat prospective jurors 15 and 16 whom she and the defendant believed would be more favorable to the defense, was legally insufficient. To accept a party's "bare assertion, unsupported by any factual basis, that the prospective juror was 'neutral' and would not be a 'strong' . . . juror [for that party] would be, in effect, to accept no reason at all" (*People v Peart*, 197 AD2d 599, 600 [1993]). Accordingly, the court properly seated prospective juror No. 14 over the defendant's objection.

The defendant's remaining contentions do not require reversal. Fisher, J.P., Angiolillo, Belen and Lott, JJ., concur.