■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MIKAL SMITH, Appellant. [929 NYS2d 248]—

Except as to the burglary conviction, the verdict was based on legally sufficient evidence and was not against the weight of the evidence. Defendant, together with an accomplice, impersonated police officers in order to effect physical control over the victim. They compelled him to submit to a patdown, and in the process they took property from his person. This satisfied the force element of second-degree robbery (*see People v Lomba*, 183 AD2d 672 [1992], *lv denied* 80 NY2d 906 [1992]; *People v Lazarcheck*, 176 AD2d 691, 692 [1991], *lv denied* 79 NY2d 1003 [1992]). The theft was not merely a larceny by trick, because the removal of property was accomplished not only by impersonating police officers, but also by physically restraining the victim during the patdown.

The evidence did not satisfy the unlawful entry element of burglary. Defendant only entered the common areas of an apartment building. There was no evidence that the general public was excluded from these areas (*see People v Maisonet*, 304 AD2d 674 [2003], *lv denied* 100 NY2d 584 [2003]). At the time of the robbery, the victim's building had no doorman, buzzer or intercom system, and the front door to the building was always unlocked. There was no evidence of any "no trespassing" signs. The fact that defendant had no legitimate reason to be in the building did not establish unlawful entry (*id.*; *see also* Penal Law § 140.00 [5]).

We have considered and rejected defendant's remaining

claims. Concur—Saxe, J.P., Friedman, Acosta, DeGrasse and Abdus-Salaam, JJ.