■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES McGHEE, Appellant. [960 NYS2d 436]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Aloise, J.), rendered May 11, 2010, convicting him of gang assault in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law, and a new trial is ordered.

During deliberations, the jury sent two notes to the trial justice. The record reflects that on both occasions, the Justice disclosed the notes to the prosecutor and defense counsel for the first time in the presence of the jury, and then immediately provided a formal response. In one of the notes, the jury asked the following question: "Is intent defined as premeditated desires or actions once engaged?" The Justice responded to this particular inquiry by giving a more expanded definition of intent than was provided during the initial jury instructions, including, among other things, the explanation that "[i]ntent does not require premeditation." Defense counsel did not object to the Supreme Court's procedure in handling either of the jury notes.

In *People v O'Rama* (78 NY2d 270 [1991]), the Court of Appeals set forth the procedure for handling communications from the jury in accordance with CPL 310.30. "[W]henever a substantive written jury communication is received by the Judge, it should be marked as a court exhibit and, before the jury is recalled to the courtroom, read into the record in the presence of counsel" (*People v O'Rama*, 78 NY2d at 277-278). "After the contents of the inquiry are placed on the record, counsel should be afforded a full opportunity to suggest appropriate responses" (*id.* at 278). "[W]hen the jury is returned to the courtroom, the communication should be read in open court so that the individual jurors can correct any inaccuracies in the transcription of the inquiry" (*id.*). "Although some deviations from this procedure may be warranted depending on the circumstances, where the court fails to fulfill its 'core responsibility' under CPL 310.30 by depriving the defendant of meaningful notice of the communication or a meaningful opportunity to participate in the formulation of the court's response, the error affects the mode of the proceedings" (*People v Lockley*, 84 AD3d 836, 837 [2011], quoting *People v Kisoon*, 8 NY3d 129, 135 [2007]; *see People v O'Rama*, 78 NY2d at 279-280). Errors affecting the mode of proceedings need not be preserved, and manifestly prejudice the defendant (*see People v O'Rama*, 78 NY2d at 279-280; *People v Lockley*, 84 AD3d at 837).

Here, the jury's request for a further explanation of the element of intent "called for a substantive response that required careful crafting after hearing argument from both the People and the defense" (*People v Lockley*, 84 AD3d at 839; *see People v Tabb*, 13 NY3d 852, 853 [2009]; *People v Lewis*, 77 AD3d 579 [2010]), and was not a request for a mere ministerial readback of the previous instruction on intent (*cf. People v Starling*, 85 NY2d 509, 516 [1995]; *People v Gerrara*, 88 AD3d 811, 812 [2011], *cert denied* 568 US —, 133 S Ct 857 [2013]; *People v Bryant*, 82 AD3d 1114 [2011]). "Since defense counsel was not afforded the opportunity to provide suggestions, he was prevented from participating meaningfully at this critical stage of the proceedings" (*People v Lockley*, 84 AD3d at 839). "In the absence of record proof that the trial court complied with its core responsibilities under CPL 310.30, a mode of proceedings error occurred requiring reversal" (*People v Tabb*, 13 NY3d at 853), despite defense counsel's failure to object to the Supreme Court's handling of the jury's notes (*see People v Kisoon*, 8 NY3d at 135; *People v O'Rama*, 78 NY2d at 279-280).

In light of this determination, the defendant's remaining contentions regarding the Supreme Court's handling of the jury notes have been rendered academic.

Accordingly, the judgment must be reversed and a new trial ordered.

Since a new trial is required, we note that the Supreme Court improvidently exercised its discretion in admitting into evidence exhibit 20, which depicted two identical photographs of the victim's head after he died, as defense counsel had offered to stipulate that the victim was the person upon whom the autopsy was later performed (*see People v Stevens*, 76 NY2d 833, 836 [1990]). Skelos, J.P., Dickerson, Chambers and Hinds-Radix, JJ., concur.

Motion by the appellant to strike stated portions of the respondent's brief on an appeal from a judgment of the Supreme Court, Queens County, rendered May 11, 2010, on the ground that it refers to material dehors the record. By decision and order on motion of this Court dated August 30, 2012, the motion was held in abeyance and referred to the panel of Justices hearing the appeal for determination upon the argument or submission thereof.

Upon the papers filed in support of the motion, the papers filed in opposition thereto, and upon the argument of the appeal, it is

Ordered that the motion is granted, and those portions of the respondent's brief are deemed stricken and have not been considered in the determination of the appeal (*see People v Powell*, 101 AD3d 756 [2012]). Skelos, J.P., Dickerson, Chambers and Hinds-Radix, JJ., concur.