■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMEL GADSON, Appellant. [973 NYS2d 768]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Kron, J.), rendered December 9, 2010, convicting him of robbery in the first degree and robbery in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law, and the matter is remitted to the Supreme Court, Queens County, for a new trial.

A new trial is required due to the trial court's failure to meaningfully comply with CPL 310.30. During deliberations, the jury sent four notes to the trial court. The record reflects that, on the fourth occasion, the court did not disclose the contents of the note to the prosecutor and defense counsel until serially reading, and immediately responding to, the questions contained therein in the presence of the jury. All three of the questions in this note concerned the subject of accomplice liability.

The jury's requests for further explanation of the meaning of accomplice liability within the context of this case required a "substantive response" (*People v Lockley*, 84 AD3d 836, 839 [2011]; *see People v McGhee*, 103 AD3d 667, 668 [2013]; *People v Stocks*, 101 AD3d 1049, 1051 [2012]), rather than a merely "ministerial" one (*People v Lockley*, 84 AD3d at 839; *see People v Brown*, 106 AD3d 755, 756 [2013]; *People v Alcide*, 95 AD3d 897, 898 [2012], *affd* 21 NY3d 687 [2013]; *People v Bryant*, 82 AD3d 1114 [2011]). As such, the trial court's failure to afford defense counsel "the opportunity to provide suggestions" (*People v Lockley*, 84 AD3d at 839) regarding the court's responses to the jury's questions constituted "a mode of proceedings error . . . requiring reversal" (*People v Tabb*, 13 NY3d 852, 853 [2009]), despite defense counsel's failure to object to the trial court's handling of the jury's fourth note (*see People v McGhee*, 103 AD3d at 668).

In light of our determination, the defendant's remaining contentions have been rendered academic (*see People v Nazario*, 100 AD3d 783, 785 [2012]; *People v Thomas*, 68 AD3d 1141, 1142 [2009]). Mastro, J.P., Leventhal, Lott and Roman, JJ., concur.