[5 NE3d 584, 982 NYS2d 437]

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MIKAL SMITH, Appellant.

Argued January 7, 2014; decided February 13, 2014

## APPEARANCES OF COUNSEL

*Leonard J. Levenson*, New York City, for appellant.

*Cyrus R. Vance, Jr., District Attorney*, New York City (*Caitlin J. Halligan* and *Hilary Hassler* of counsel), for respondent.

## OPINION OF THE COURT

MEMORANDUM.

The order of the Appellate Division should be affirmed.

A larceny becomes robbery if property is forcibly stolen (*see* Penal Law § 160.00). As relevant in this case, "force" refers to the use or threatened use of immediate physical force upon another person during the course of committing a larceny for the purpose of preventing or overcoming resistance to the taking of the property (*see* Penal Law § 160.00 [1]). Second-degree robbery occurs when an individual forcibly steals property while being aided by another person who was actually present during the crime (*see* Penal Law § 160.10 [1]).

Defendant Mikal Smith and his brother impersonated plainclothes police officers as they approached the victim in the stairwell of his apartment building. Defendant ordered the victim to stop; announced that he was a police officer; displayed a fake badge hanging from his neck (similar to one worn by his brother); and asked the victim to produce identification. After the victim did so, defendant told him to place his hands on the wall. The victim complied with these demands and was frisked, during which time defendant removed items from the victim's pockets. One of the assailants then declared "this is not the person we are looking for" so the victim was permitted to leave.

Upon realizing that the assailants had stolen $200 from him, the victim called 911 and ran after them. While following them down the street, the victim pointed out the assailants to responding police officers. Defendant took flight but was eventually apprehended. Along his attempted escape route the police found two imitation badges on neck lanyards, a starter pistol and a loaded handgun. Defendant was charged with robbery and criminal impersonation, among other offenses.

At trial, defendant moved to dismiss the count of second-degree robbery, claiming that, although the People had evidence sufficient to prove larceny by trick (*see* Penal Law § 155.05 [2] [a]), the evidence was insufficient to support the forcible theft element of robbery. Supreme Court rejected this contention and

the jury convicted defendant of second-degree robbery. The Appellate Division affirmed (87 AD3d 920 [1st Dept 2011]) and a Judge of this Court granted defendant leave to appeal (19 NY3d 968 [2012]).

Viewing the facts in the light most favorable to the People (*see e.g. People v Heidgen*, 22 NY3d 259 [2013]), there was a valid line of reasoning and permissible inferences that allowed the jury to rationally conclude that defendant forcibly stole the victim's property. Threats alone can satisfy the statutory definition of "force" (*see* Penal Law § 160.00; *People v Woods*, 41 NY2d 279, 282-283 [1977]). By impersonating police officers, defendant and his brother restrained the victim and conveyed the impression that disobeying their directives could result in imminent physical repercussions, which caused the victim to submit to their false assertion of legal authority. Aside from this threat, they also engaged in physical contact with the victim— they frisked him and removed items from his pockets—to accomplish the theft. The People therefore adequately established that defendant committed forcible robbery, not merely larceny by trick.

Chief Judge LIPPMAN and Judges GRAFFEO, READ, SMITH, PIGOTT and RIVERA concur; Judge ABDUS-SALAAM taking no part.

Order affirmed, in a memorandum.