■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BOBBY PRESSLEY, Appellant. [982 NYS2d 394]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Firetog, J.), rendered November 11, 2011, convicting him of criminal possession of a weapon in the second degree and criminal solicitation in the second degree, upon a jury verdict, and sentencing him to a determinate term of imprisonment of 15 years followed by five-year period of post-release supervision on the conviction of criminal possession of a

weapon in the second degree and an indeterminate term of imprisonment of $2^{1}/_{3}$ to 7 years on the conviction of criminal solicitation in the second degree, with the terms of imprisonment to run consecutively to each other.

Ordered that the judgment is modified, as a matter of discretion in the interest of justice, by providing that the sentences shall run concurrently with each other; as so modified, the judgment is affirmed.

The defendant failed to preserve for appellate review his challenge to the legal sufficiency of the evidence as to the count of criminal possession of a weapon in the second degree (see CPL 470.05 [2]; People v Hawkins, 11 NY3d 484, 492-493 [2008]). In any event, viewing the evidence in the light most favorable to the People (see People v Contes, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish, beyond a reasonable doubt, the defendant's guilt of the crime of criminal possession of a weapon in the second degree, under an acting-in-concert theory (see People v Johnson, 94 AD3d 1408, 1409 [2012]; People v Christie, 55 AD3d 341 [2008]; People v Martinez, 8 AD3d 8 [2004]).

The defendant contends that the Supreme Court's procedure for handling certain jury notes violated the procedure set forth by the Court of Appeals in People v O'Rama (78 NY2d 270, 277-278 [1991]). To the extent that certain of the jury notes requested read-backs of testimony, read-backs of charges, or the viewing of exhibits, the defendant's contention is unpreserved for appellate review, and the alleged error did not constitute a mode of proceedings error which would obviate the preservation requirement (see People v Alcide, 21 NY3d 687 [2013]; People v Starling, 85 NY2d 509, 516 [1995]; People v Lockley, 84 AD3d 836 [2011]; People v Bryant, 82 AD3d 1114 [2011]; cf. People v Gadson, 110 AD3d 1098 [2013]). With respect to two of the notes, wherein the jury sought clarification as to points of law, rather than a mere read-back of the jury charge, the court fulfilled its "core responsibilities" under CPL 310.30 (see People v Kadarko, 14 NY3d 426 [2010]; People v Woodrow, 89 AD3d 1158 [2011]).

The sentence was excessive to the extent indicated herein (see People v Suitte, 90 AD2d 80 [1982]). Balkin, J.P., Sgroi, Cohen and LaSalle, JJ., concur.