Appeal by the defendant from a judgment of the Supreme Court, Queens County (Lewis, J.), rendered September 21, 2009, convicting him of robbery in the first degree, robbery in the second degree, assault in the second degree, and criminal possession of stolen property in the fifth degree, upon a jury verdict, and imposing sentence.
*887 Ordered that the judgment is reversed, on the law, and a new trial is ordered.
The defendant’s contention that the People failed to present legally sufficient evidence of force to sustain his convictions of robbery in the first degree and robbery in the second degree under counts one and two of the indictment (see Penal Law §§ 160.15 [1]; 160.10 [1]) is unpreserved for appellate review (see People v Hawkins, 11 NY3d 484, 492 [2008]; People v Gray, 86 NY2d 10, 19 [1995]). In any event, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant’s guilt beyond a reasonable doubt (see Penal Law § 160.00 [2]; People v Peters, 69 AD3d 765 [2010]; People v Smith, 87 AD3d 920 [2011], affd 22 NY3d 1092 [2014]; People v Lomba, 183 AD2d 672 [1992]; People v Lazarcheck, 176 AD2d 691, 691-692 [1991]; People v Jones, 162 AD2d 204, 205 [1990] ). Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15 [5]; People v Danielson, 9 NY3d 342 [2007]), we nevertheless accord great deference to the jury’s opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383 [2004], cert denied 542 US 946 [2004]; People v Bleakley, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633 [2006]).
However, a new trial is required based on the Supreme Court’s failure to comply with CPL 310.30 in accordance with the procedure set forth in People v O’Rama (78 NY2d 270 [1991] ; see People v Alcide, 21 NY3d 687, 691-692 [2013]).
Here, during deliberations, the jury sent out three notes to the trial court. Although the notes were marked as court exhibits, there is no evidence appearing on the face of the record that the trial court read the contents of the jury notes into the record and provided counsel a full opportunity to suggest appropriate responses (see People v Gadson, 110 AD3d 1098 [2013]; People v Stocks, 101 AD3d 1049, 1051 [2012]; People v McGhee, 103 AD3d 667, 668 [2013]; People v Powell, 101 AD3d 756, 758-759 [2012]). Rather, the record demonstrates that the Supreme Court violated the procedure set forth in O’Rama by reading the contents of the jury note for the first time in front of the jury and immediately providing a response (see People v Gadson, 110 AD3d at 1098; People v Stocks, 101 AD3d at 1051; People v McGhee, 103 AD3d at 668; People v Powell, 101 AD3d at 759; People v Lockley, 84 AD3d 836, 838 [2011]).
*888 Significantly, the jury’s repeated requests for clarification of the difference between the counts of robbery in the first degree and robbery in the second degree within the context of this case required a “substantive response” (People v Gadson, 110 AD3d at 1099; see People v Stocks, 101 AD3d at 1051; People v McGhee, 103 AD3d at 668; People v Lockley, 84 AD3d at 838) rather than a merely “ministerial” one (.People v Lockley, 84 AD3d at 838; see e.g. People v Alcide, 21 NY3d at 694; People v Ochoa, 14 NY3d 180, 188 [2010]).
“In the absence of record proof that the trial court complied with its core responsibilities under CPL 310.30, a mode of proceedings error occurred requiring reversal” (People v Tabb, 13 NY3d 852, 853 [2009]; cf. People v Williams, 21 NY3d 932, 935 [2013]), despite defense counsel’s failure to object to the Supreme Court’s handling of the jury’s notes (see People v O’Rama, 78 NY2d at 279-280; People v Lockley, 84 AD3d at 839; People v McGhee, 103 AD3d at 668).
Accordingly, the judgment must be reversed and a new trial ordered.
In light of our determination, we need not reach the defendant’s remaining contentions. Rivera, J.E, Lott, Miller and Hinds-Radix, JJ., concur.
Motion by the appellant, inter alia, to strike stated portions of the respondent’s brief on an appeal from a judgment of the Supreme Court, Queens County, rendered September 21, 2009, on the ground that they refer to matter dehors the record. By decision and order on motion of this Court dated July 23, 2013, that branch of the motion which is to strike stated portions of the respondent’s brief was held in abeyance and referred to the panel of Justices hearing the appeal for determination upon the argument or submission thereof.
Upon the papers filed in support of the motion, the papers filed in opposition thereto, and upon the argument of the appeal, it is
Ordered that the branch of the motion which is to strike references to resettlement at pages 20-23, and 64-65 of the respondent’s brief is granted, and those portions of the respondent’s brief are stricken and have not been considered in the determination of the appeal (see People v Stocks, 101 AD3d 1049 [2012]; People v Powell, 101 AD3d 756 [2012]). Rivera, J.E, Lott, Miller and Hinds-Radix, JJ., concur.