■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANDRE S. BROWN, Appellant. [11 NYS3d 616]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Hollie, J.), rendered August 9, 2010, convicting him of robbery in the first degree, robbery in the second degree (two counts), criminal possession of stolen property in the fifth degree, and criminal possession of a weapon in the fourth degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing

(Kron, J.), of those branches of the defendant's omnibus motion which were to suppress his statements to law enforcement officials and identification evidence.

Ordered that the judgment is reversed, on the law, and a new trial is ordered.

On appeal, the defendant contends that police officers did not have reasonable suspicion to justify their initial stop and detention of him, and that the Supreme Court should have suppressed his statements to law enforcement officials and identification evidence as fruits of that unlawful stop. Contrary to the defendant's contentions, the record supports the Supreme Court's determination that his stop and detention were based on reasonable suspicion (*see People v Moore*, 6 NY3d 496, 498-499 [2006]; *People v Hollman*, 79 NY2d 181, 184-185 [1992]; *People v De Bour*, 40 NY2d 210, 223 [1976]). Police officers received information regarding a robbery committed by two individuals. The defendant partially matched the general description of one of the perpetrators provided by the complainant, was seen walking away from railroad tracks where a police sergeant and other police officers had just been chasing two suspects, and was within several blocks of the scene of the subject robbery approximately 10 minutes after the crime had taken place. Accordingly, there was reasonable suspicion to stop and detain the defendant for a few minutes until a sergeant arrived from around the corner and identified the defendant as one of the suspects he had been pursuing on the railroad tracks (*see People v Lemmo*, 18 AD3d 885, 885-886 [2005]; *People v Harris*, 245 AD2d 302 [1997]). Since the officers' actions were supported by reasonable suspicion, the Supreme Court properly denied those branches of the defendant's omnibus motion, made on the ground that his initial stop and detention were unlawful, which were to suppress the statements he spontaneously made to the detaining officer prior to the arrival of the sergeant (*see People v Jackson*, 249 AD2d 327, 328 [1998]), and a subsequent showup identification by the complainant (*see People v McCoy*, 30 AD3d 441, 442 [2006]).

In the course of jury selection, the defendant exercised several peremptory challenges to prospective jurors, one of which was contested by the People on the ground that the defendant was attempting to exclude white females from the jury, thus raising what is commonly known as a reverse-*Batson* challenge (*see Batson v Kentucky*, 476 US 79 [1986]; *People v Carrington*, 105 AD3d 970, 970 [2013]; *see generally People v Kern*, 75 NY2d 638, 649-650 [1990]). The Supreme Court properly sustained the People's objection in this regard. Contrary to the defend-

ant's contentions, the record supports the Supreme Court's determination that defense counsel's proffered reasons for challenging the subject prospective juror were pretextual. "Although not entirely insulated from review, the determination of whether an explanation is merely pretextual is generally a matter for the Trial Judge, whose findings are entitled to great deference" (*People v Jupiter*, 210 AD2d 431, 434 [1994]; see *People v Hernandez*, 75 NY2d 350, 356 [1990], *affd* 500 US 352 [1991]; *People v Shaheed*, 70 AD3d 980 [2010]; *People v Bowman*, 58 AD3d 747 [2009]; *People v Wilson*, 278 AD2d 519 [2000]). This is particularly true where, as here, the reason for challenging a prospective juror is based upon certain nonverbal responses and reactions of the prospective juror, which the trial court had the opportunity to observe (see *People v Martinez*, 58 AD3d 754, 755 [2009]; *People v Wilson*, 278 AD2d at 519; *People v Rivera*, 220 AD2d 782, 783 [1995]). However, "[a]lthough a proffered race-[or gender-] neutral explanation for the exclusion of a potential juror need not rise to the level required to challenge a venireperson for 'cause,' . . . the burden cannot be met by merely claiming good faith and denying discriminatory purpose" (*People v Peart*, 197 AD2d 599, 600 [1993] [citation omitted]; see *People v Hernandez*, 75 NY2d at 351; *People v Dixon*, 202 AD2d 12, 17 [1994]). Here, the reason proffered by defense counsel for exercising the peremptory challenge against the subject prospective juror was that, during voir dire, "[s]he had her head down the entire time and was kind of looking down through this process," from which counsel concluded that she was "going to be a wall flower[ ] and just kind[ ] of go with the flow." This explanation was purely intuitive and based on counsel's subjective impression rather than upon facts adduced at voir dire (see *People v Grier*, 261 AD2d 555, 556 [1999]; *People v Hewitt*, 258 AD2d 597, 598 [1999]). To accept the defendant's bare assertion, unsupported by any factual basis, that the prospective juror was neutral and would not be a strong juror for the defense would be, in effect, to accept no reason at all (see *People v Shaheed*, 70 AD3d at 981; *People v Peart*, 197 AD2d at 600). There is nothing in the record to support defense counsel's purported conclusion that this prospective juror—a 68-year-old sales associate who had previously sat on a jury, did not know anyone in law enforcement, and, unlike many of the prospective jurors, had not been the victim of a crime—would be a weak juror for the defense.

The defendant contends that he was deprived of due process by the Supreme Court's refusal to grant him a mistrial when a police witness related the defendant's statement that he did

not want to "go back to jail." We agree that the court improvidently exercised its discretion in admitting the statement, unredacted. Where, as here, the defendant "has not taken the stand or placed his character in issue, the general rule is that the prosecution is prohibited from introducing evidence of his past criminal record" (*People v Blanchard*, 83 AD2d 905, 905 [1981]; *see People v Mullin*, 41 NY2d 475 [1977]; *People v Robbins*, 38 NY2d 913 [1976]; *Matter of Devon B.*, 1 AD3d 432, 433 [2003]). The word "back," which could easily have been redacted without materially changing the meaning of the statement, revealed an unspecified past criminal record, causing prejudice without serving any probative purpose (*see People v Crandall*, 67 NY2d 111, 117 [1986]; *People v Blanchard*, 83 AD2d 905, 906 [1981]). Nevertheless, although the admission of the unredacted statement was improper, under the circumstances of this case (*cf. People v Mullin*, 41 NY2d at 480), the prejudice to the defendant was not so great as to have warranted a mistrial, or to require reversal on appeal (*see People v Crimmins*, 36 NY2d 230, 241-242 [1975]).

However, a new trial is required based on the Supreme Court's failure to comply with CPL 310.30, in accordance with the procedure set forth in *People v O'Rama* (78 NY2d 270 [1991]). Here, in the second of six jury notes, the jury advised: "We have one juror that feels she cannot make a decision based on the evidence presented to us." Instead of marking the note as an exhibit and reading it aloud on the record to the parties prior to calling in the jury, the court read the note on the record for the first time in front of the jurors, and then immediately responded by issuing a truncated *Allen* charge (*see Allen v United States*, 164 US 492 [1896]), encouraging continuing deliberations. This jury note "called for a substantive response that required careful crafting after hearing argument from both the People and the defense" (*People v Lockley*, 84 AD3d 836, 839 [2011]; *see People v Kisoon*, 8 NY3d 129, 134 [2007]). Yet there is no indication that the court provided notice to defense counsel and the prosecutor of the contents of the note or "a full opportunity to suggest appropriate responses" (*People v Nealon*, 116 AD3d 886, 887 [2014]; *see People v Surpris*, 83 AD3d 742, 744 [2011]). "[B]y depriving the defendant of meaningful notice of the communication [and] a meaningful opportunity to participate in the formulation of the court's response," the court failed to fulfill its "core responsibility" under CPL 310.30, thereby committing an error affecting "the mode of the proceedings" (*People v Lockley*, 84 AD3d at 837; *see People v Silva*, 24 NY3d 294, 299-300 [2014]; *People v Kisoon*, 8 NY3d at 134-135; *People v O'Rama*, 78 NY2d at 279-

280; *People v Surpris*, 83 AD3d at 744). Such an error "need not be preserved, and prejudice manifestly results" (*People v Lockley*, 84 AD3d at 837; *see People v O'Rama*, 78 NY2d at 279-280). Thus, despite defense counsel's failure to object to the Supreme Court's handling of the jury's notes, reversal is required (*see People v Silva*, 24 NY3d 294 [2014]; *People v Lockley*, 84 AD3d at 839).

The People are correct that a timely objection to an alleged *O'Rama* error may be required where defense counsel had "knowledge of the substance of the court's intended response" (*People v Starling*, 85 NY2d 509, 516 [1995]; *see People v Ramirez*, 15 NY3d 824, 825 [2010]). However, while the record shows that a discussion was held off the record at the sidebar immediately before the Supreme Court directed the court officer to "bring them in," it is not evident from the record that defense counsel had knowledge of the contents of the note or how the court would respond to the note. Rather, as far as the record reveals, defense counsel first learned of the court's response at the same time the jury heard it (*see People v Sydoriak*, 120 AD3d 840, 841 [2014]). Where a trial transcript does not show compliance with *O'Rama*'s procedure as required by law, we cannot assume that the omission was remedied at an off-the-record conference that the transcript does not refer to (*see People v Walston*, 23 NY3d 986, 990 [2014]; *People v Tabb*, 13 NY3d 852, 852 [2009]; *People v McGhee*, 103 AD3d 667, 668 [2013]).

In light of our determination, we need not reach the defendant's remaining contention. Rivera, J.P., Hall, Austin and Cohen, JJ., concur.