People v Ramos (2018 NY Slip Op 06192)





People v Ramos


2018 NY Slip Op 06192


Decided on September 25, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 25, 2018

Acosta, P.J., Sweeny, Manzanet-Daniels, Gesmer, Singh, JJ.


3297/11 7144A 3298/11 7144B 3299/11 3300/11 3301/11 3307/11 2047/12 -4167 -4314 7144

[*1] The People of the State of New York, Respondent,
v
Jose Ramos, Defendant-Appellant.


Robert S. Dean, Center for Appellate Litigation, New York (Siobhan C. Atkins of counsel), for appellant.
Darcel D. Clark, District Attorney, Bronx (Clara H. Salzberg of counsel), for respondent.



Judgment, Supreme Court, Bronx County (Steven L. Barrett, J. at removal of counsel; Michael A. Gross, J. at jury trial and sentencing), rendered December 10, 2014, convicting defendant of attempted grand larceny in the third degree, attempted robbery in the second degree and attempted criminal possession of a controlled substance in the first degree, and sentencing him to consecutive terms of one to three years, 2½ years and nine years, unanimously modified, on the law, to the extent of reducing the attempted robbery conviction to attempted petit larceny and reducing the sentence on that conviction to time served, and otherwise affirmed. Judgments (Michael A. Gross, J.), rendered January 13, 2015, convicting defendant, upon his pleas of guilty, of conspiracy in the second degree, grand larceny in the third degree, failure to disclose the origin of a recording in the first degree, reckless endangerment in the second degree, official misconduct and obstructing governmental administration in the second degree, and sentencing him to concurrent terms of three to nine years, one to three years, one to three years, and one year, one year and one year, unanimously affirmed.
There was legally insufficient evidence of force to support the conviction for attempted second-degree robbery. When defendant, a corrupt police officer, threatened to make an arrest, there was no actual or threatened physical contact, and the element of force was not established under the principles set forth in People v Smith (22 NY3d 1092 [2014]). However, the evidence established attempted petit larceny, which qualifies as a lesser included offense under the impossibility test of People v Glover (57 NY2d 61 [1982]), and we reduce the conviction and sentence accordingly.
We reject defendant's arguments concerning the sufficiency and weight of the evidence supporting his attempted possession of a controlled substance conviction (see People v Danielson, 9 NY3d 342, 348—349 [2007]). There is no basis for disturbing the jury's credibility determinations. The evidence supports an inference that defendant believed he was transporting a large quantity of heroin, as planned, rather than making a "dry run" without drugs.
Defendant's challenge under People v O'Rama (78 NY2d 270 [1991]) to what was originally his attempted robbery conviction is unavailing. There was no mode of proceedings error, because the court read the jury note in question into the record almost verbatim (see People v Ramirez, 60 AD3d 560, 561 [1st Dept 2009], affd 15 NY3d 824, 825-826 [2010]).
The court that presided over pretrial matters providently exercised its discretion when it removed defendant's counsel (see generally People v Watson, 26 NY3d 620, 624 [2016]). A court's "discretion is especially broad when the defendant's actions with respect to counsel place the court in the dilemma of having to choose between undesirable alternatives, either one of which would theoretically provide the defendant with a basis for appellate review" (see People v Tineo, 64 NY2d 531, 536 [1985]). Here, the totality of circumstances created a conflict that was too serious to be addressed by asking defendant whether he wanted to waive the conflict, and inquiring further. In the first place, the People had represented that the attorney at issue was a witness to material nonprivileged matters regarding defendant's indictment for conspiring to kill one of the witnesses in the instant case, and that she would be called as a witness against her then-client, at least in the conspiracy case. After the court removed the attorney at issue from the conspiracy case (which ultimately resulted in one of the plea convictions presently on appeal), it came to light that the attorney was under investigation for misconduct relating to the instant case. Accordingly, the court providently replaced this attorney with the attorney who had been substituted on the conspiracy case. In any event, defendant ultimately expressed his approval of this outcome.
Except, as noted, in connection with our reduction of one of the felony convictions to a misdemeanor, we perceive no basis for reducing the sentences.
M-4167 - People v Jose Ramos
M-4134 Motion to enlarge the appellate record and cross motion to strike portions of the People's brief denied.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: SEPTEMBER 25, 2018
CLERK