People v Dunn (2025 NY Slip Op 05596)

People v Dunn

2025 NY Slip Op 05596

Decided on October 10, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 10, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: LINDLEY, J.P., CURRAN, OGDEN, GREENWOOD, AND KEANE, JJ.

718 KA 22-00629

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
JAMES DUNN, DEFENDANT-APPELLANT. (APPEAL NO. 1.) 

KEEM APPEALS, PLLC, SYRACUSE (BRADLEY E. KEEM OF COUNSEL), FOR DEFENDANT-APPELLANT.
WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (DAVID D. BASSETT OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Onondaga County Court (Stephen J. Dougherty, J.), rendered March 31, 2022. The appeal was held by this Court by order entered July 26, 2024, decision was reserved and the matter was remitted to Onondaga County Court for further proceedings (229 AD3d 1220 [4th Dept 2024]). The proceedings were held and completed. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: In appeal No. 1, defendant appeals from a judgment convicting him upon a jury verdict of robbery in the first degree (Penal Law § 160.15 [3]), burglary in the first degree (§ 140.30 [2]), and criminal possession of a weapon in the second degree (§ 265.03 [3]), arising out of an incident in which defendant and two accomplices robbed a drug dealer of a handgun after following him into an apartment building. In appeal No. 2, defendant appeals from a judgment convicting him, upon his plea of guilty, of promoting prison contraband in the first degree (§ 205.25 [2]) and conspiracy in the fifth degree (§ 105.05 [1]).
In appeal No. 1, we previously held the case, reserved decision, and remitted the matter to County Court for a ruling on defendant's renewed motion for a trial order of dismissal (People v Dunn, 229 AD3d 1220, 1223 [4th Dept 2024]). Upon remittal, the court denied defendant's motion. Contrary to defendant's contention in appeal No. 1, we conclude that, viewed in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621 [1983]), the evidence is legally sufficient to establish defendant's guilt (see generally People v Bleakley, 69 NY2d 490, 495 [1987]).
With respect to defendant's conviction of robbery in the first degree, defendant contends that there was insufficient evidence that the victim sustained serious physical injury. Defendant was charged with robbery in the first degree under the theory that, while forcibly stealing property, he or another participant in the crime "[u]se[d] or threatene[d] the immediate use of a dangerous instrument" (Penal Law § 160.15 [3]). Here, the evidence established that defendant used a BB gun to strike the victim on the back of his head during the robbery. Contrary to defendant's contention, it is irrelevant whether defendant actually caused serious physical injury to the victim inasmuch as the BB gun, as used by defendant, was readily capable of causing serious physical injury and thus constituted a dangerous instrument (see § 10.00 [13]; see generally People v Carter, 53 NY2d 113, 116 [1981]; People v Nosea, 212 AD3d 511, 511 [1st Dept 2023], lv denied 39 NY3d 1143 [2023]; People v Ryder, 146 AD3d 1022, 1025 [3d Dept 2017], lv denied 29 NY3d 1086 [2017]). Even assuming, arguendo, that the BB gun was not a dangerous instrument, we conclude that the evidence is legally sufficient to establish that, at the time of the robbery, defendant's accomplices were brandishing knives, which constitute dangerous instruments (see People v Mercer, 83 AD3d 1526, 1527 [4th Dept 2011], lv denied 17 NY3d 808 [2011]; People v Holder, 177 AD2d 979, 979 [4th Dept 1991], lv denied 79 NY2d [*2]1050 [1992]). We also reject defendant's contention that the evidence is legally insufficient to establish his intent to rob the victim. Viewed in the light most favorable to the People, the evidence is legally sufficient to establish that defendant formed the intent to rob the victim when, during the course of the altercation, defendant started struggling with the victim for possession of the handgun and yelled "give me the fucking gun" (see generally Contes, 60 NY2d at 621; People v Addison, 184 AD3d 1099, 1100 [4th Dept 2020], lv denied 35 NY3d 1092 [2020]). Whether defendant's testimony that he intended only to assault the victim should be credited was a question for the jury and is more properly considered in the context of whether the verdict with respect to robbery in the first degree is against the weight of the evidence (see generally People v Acosta, 208 AD3d 1579, 1582 [4th Dept 2022], lv denied 39 NY3d 1076 [2023]; People v Taylor, 57 AD3d 1518, 1518 [4th Dept 2008], lv denied 12 NY3d 822 [2009]).
With respect to defendant's conviction of burglary in the first degree, we reject defendant's contention that the evidence is not legally sufficient to establish that defendant "knowingly enter[ed] or remain[ed] unlawfully in a dwelling with intent to commit a crime therein" (Penal Law § 140.30). Inasmuch as the evidence established that defendant entered the vestibule of an apartment building and that the vestibule was not remote from the 14 separate apartments in the building, we conclude that there is legally sufficient evidence to establish that defendant entered a dwelling at the time of the robbery (see People v McCray, 23 NY3d 621, 624 [2014], rearg denied 24 NY3d 947 [2014]; cf. People v Joseph, 28 NY3d 1003, 1006 [2016]). To the extent defendant contends that his entry into the apartment building was not unlawful inasmuch as the vestibule of the building was a common area and there was no evidence of "no trespassing signs" or a locked door (see People v Smith, 87 AD3d 920, 920 [1st Dept 2011], affd 22 NY3d 1092 [2014]; People v Huggins, 134 AD3d 854, 855 [2d Dept 2015], lv denied 26 NY3d 1146 [2016]), we note that there was evidence establishing that defendant not only entered the building's vestibule but also intentionally forced himself and the victim past the threshold of the second door of the vestibule into the next hallway during the altercation. Inasmuch as that door was locked, defendant clearly entered an area from which the general public was excluded, thereby establishing that he knowingly and unlawfully entered the dwelling (see § 140.30; Smith, 87 AD3d at 920).
With respect to defendant's conviction of criminal possession of a weapon in the second degree, we reject defendant's contention that the evidence did not establish that he possessed a firearm—specifically, the handgun he stole from the victim during the robbery that he effectuated with the BB gun. Surveillance video entered in evidence showed defendant holding a handgun, not the BB gun, as he fled the scene of the robbery. Moreover, defendant could be heard on the surveillance video during the robbery telling the victim to give him "the . . . gun." Thus, although no handgun was recovered by the police, there was sufficient evidence to establish that defendant possessed the handgun that he stole from the victim during the robbery (see People v Ellison, 151 AD3d 1905, 1905 [4th Dept 2017], lv denied 30 NY3d 949 [2017]; People v Vigliotti, 270 AD2d 904, 905 [4th Dept 2000], lv denied 95 NY2d 839 [2000], reconsideration denied 95 NY2d 970 [2000]; see also People v Gilmore, 200 AD3d 1184, 1188-1189 [3d Dept 2021], lv denied 38 NY3d 927 [2022]).
Viewing the evidence in light of the elements of the crimes as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we conclude that the verdict is not against the weight of the evidence (see generally Bleakley, 69 NY2d at 495). Even assuming, arguendo, that an acquittal would not have been unreasonable, we cannot conclude that the jury "failed to give the evidence the weight it should be accorded" (id.; see People v Bennett, 210 AD3d 1421, 1422 [4th Dept 2022]; People v McDermott, 200 AD3d 1732, 1733 [4th Dept 2021], lv denied 38 NY3d 929 [2022], reconsideration denied 38 NY3d 1009 [2022]).
In appeal No. 2, we previously rejected defendant's substantive contentions but held the case, reserved decision, and remitted the matter to County Court to allow defendant to make any necessary motions upon the determination of his renewed motion for a trial order of dismissal in appeal No. 1 (see Dunn, 229 AD3d at 1220-1223). In light of our determination in appeal No. 1, we now affirm the judgment in appeal No. 2.
Entered: October 10, 2025
Ann Dillon Flynn
Clerk of the Court